Ahmet RAMUSEVIC, Suzana Ramusevic, Elizabeta Ramusevic, Ibrahim Ramusevic, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–6164–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2006.

**38**

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Michael J. Butler, Assistant United States Attorney, Harrisburg, Pennsylvania, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioners Ahmet Ramusevic, Suzana Ramusevic, Elizabeta Ramusevic, and Ibrahim Ramusevic, natives of the former Yugoslavia and citizens of the former state of Serbia–Montenegro, seek review of an October 25, 2005 order of the BIA affirming the May 4, 2004 decision of Immigration Judge ("IJ") Barbara Nelson denying Ahmet Ramusevic's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramusevic,* Nos. A79 318 964, A79 318 965, A79 318 966, A79 318 967 (B.I.A. Oct. 25, 2005), *aff'g,* Nos. A79 318 964, A79 318 965, A79 318 966, A79 318 967 (Immig. Ct. N.Y. City May 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts, affirms, and supplements the IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). Legal questions, and the application of law to fact, are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Although the IJ's and BIA's reasons for finding that Ramusevic failed to demonstrate past persecution differ slightly, the conclusions of both are sustainable. Ramusevic admitted that he had never been arrested or detained, and the IJ's determination that the two isolated beatings he received from military officers did not amount to persecution was supported by substantial evidence. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005). Substantial evidence also supports the conclusion that the discrimination and harassment he experienced from ethnic Serbs on account of his Albanian ethnicity did not rise to the level of persecution, particularly in light of his persistent refusal to provide examples of personal experiences when probed. Finally, while he may have been able to demonstrate persecution had the Serbian military actively tried to recruit him to serve in their brutal campaign against his fellow Albanians and Muslims, *see Islami v. Gonzales,* 412 F.3d 391, 397 (2d Cir.2005), he never alleged that they tried to recruit him during the 1998–99 campaign in Kosovo. His claim that they tried to recruit him in 2000 was, as the IJ found, somewhat implausible, and as the BIA found, did not implicate that brutal campaign.

As Ramusevic failed to demonstrate past persecution, he was not entitled to the presumption of a well-founded fear, *see* 8 C.F.R. § 1208.13(b)(1); he also failed to establish that element independently. According to the State Department report for 2003, the government of Montenegro generally respects the rights of its citizens, Christian and Muslim communities coexist peacefully, and discrimination and harassment against ethnic Albanians is not pervasive. The report noted that the Monten-

egrin government was operating largely independently of Serbia in 2003, and we take judicial notice of Montenegro's emergence as an independent state in June 2006.[1] *Cf. Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005). In light of these country conditions, Ramusevic failed to demonstrate a well-founded fear of persecution, and necessarily failed to meet the higher burden for withholding. Finally, because he pointed to no evidence suggesting he was more likely than not to be tortured for any reason, the IJ and BIA properly denied his CAT claim as well.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.

1. *See* The World Factbook, Montenegro, *at* https://www.cia.gov/ cia/publications/ factbook/geos/mj. html (last updated Jul. 20, 2006).